## The People v. Samuel McKay.

*Railway stations—Rights of expectorating passengers.*

Railway passengers are entitled to remain in the waiting room at a station as long as they have occasion to do so, and commit no offense against the good order of the place and reasonable regulations made to govern it; they are not bound to leave on being ordered out by the keeper for any such indecorum as spitting on the floor, and the refusal to go on being ordered will not excuse the commission of an assault and battery upon them to compel them to.

A railway station keeper assaulted a passenger for not leaving the waiting
    room when ordered, the passenger having enraged him by spitting
    on the floor. *Held*, that in defending an action for the assault and
    battery a question as to the plaintiff's smoking was irrelevant, where
    his smoking had not been objected to.

Exceptions before judgment from Cass.    Submitted June
23.    Decided June 29.

INFORMATION for assault and battery.    Respondent was
convicted below.    Affirmed.

Attorney General *Jacob J. Van Riper* for the People.
Words cannot justify an assault:    Tiff. Crim. Law 574.

*Howell & Carr* for respondent.    The keeper of a railway
station house is not guilty of assault in ejecting a person if
he has no notice or knowledge of his right to remain there:
*Com. v. Power* 7 Met. 596.

CAMPBELL, J.    McKay was convicted of assault and bat-
tery on Thomas Cooley, at the Grand Trunk station at
Edwardsburg, in Cass county.    McKay was station keeper,
and the assault originated in an altercation between them
caused by Cooley's spitting on the floor.    He was smoking
at the time, but no objection was made to this, and a ques-
tion about it was properly held irrelevant.    The defendant
made a somewhat violent assault, and subsequently called in
another servant of the company who compelled Cooley to
leave the room, which he had refused to do at the demand
of McKay.    Cooley was a passenger on a train stopping tem-
porarily at the station.

The court charged the jury very distinctly that if Cooley
violated any rule made either by the company or the agent
which had been brought home to his knowledge, the res-
pondent had a right to require him to leave the waiting-
room, and to remove him by such force as was necessary.

We think this charge was quite strong enough in favor of
respondent.    It is absurd to claim that the traveling com-
munity are bound to govern their behavior by the whims of
an obstinate station-house keeper, or to leave the room when-

ever he thinks proper to drive them out. They are invited by the railroad company, and are entitled to remain there so long as they have occasion to do so, and commit no offence against the good order of the place and the reasonable regulations made to govern it.

The conviction was regular, and it must be certified to the court below that the people are entitled to judgment on it.

The other Justices concurred.